**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**GREGORY RICHARD PURDY,** *et al.*,<br><br>*Defendants.* |

Criminal Case No. 22-cr-19
Judge Florence Y. Pan

<u>**STANDING ORDER FOR CRIMINAL CASES**</u>

**READ THIS ORDER CAREFULLY.  IT CONTROLS THIS CASE.**

It is the responsibility of counsel and the Court "to provide for the just determination of every criminal proceeding, to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and delay."  FED. R. CRIM. P. 2.  In order to administer this case in a manner consistent with this responsibility, it is **ORDERED** that the parties comply with the following directives:

1. **COMMUNICATIONS WITH CHAMBERS**
   Except as authorized in this order, the parties may not contact chambers by telephone.  If extraordinary circumstances or emergencies require it, however, counsel should contact chambers jointly via telephone conference call to avoid *ex parte* communications.  Chambers will not provide legal advice of any kind.

2. **STATUS CONFERENCES**
   As early as the initial status conference, which will be scheduled ***within three weeks following the arraignment***, counsel should be prepared to discuss the following issues relevant to the progress of the case:
   a.  Whether the parties have discussed the possibility of an early resolution of the case without trial and, if so, the results of that discussion;
   b.  Whether any period of excludable delay should be ordered under the Speedy Trial Act and the amount of time remaining under the Speedy Trial Act before trial must commence;
   c.  Whether a schedule should be set concerning any matter in the case other than trial, including for the filing of motions by the defendant to sever, dismiss, or suppress under FED. R. CRIM. P. 12(b) or any other motion requiring a ruling by the Court before trial and date(s) for interim status conferences and/or the pre-trial conference;
   d.  Whether outstanding discovery issues require resolution by the Court;
   e.  Whether a trial is anticipated and, if so, its anticipated length;
   f.  Whether any features of the case may deserve special attention or modification of the standard schedule, including whether the defendant intends to raise a defense of insanity

or public authority; whether the government has requested notice of alibi by the defendant and, if so, whether the defendant has timely responded; and

g. Any other matters relevant to the progress or resolution of the case.

**4. INTERPRETIVE SERVICES**

Counsel shall notify the Courtroom Deputy Clerk, Ms. Alexa Whitney, (202) 354-3165, at least ***five days in advance*** of any status conference, motions hearing, plea or trial if the defendant or any witness will require interpretative services provided by the Court.

**5. SEALED SUBMISSIONS**

a. <u>Courtesy Copies</u>.  Parties must deliver a courtesy copy to chambers of any sealed submission on the day it is filed with the Court to avoid any delay in receiving notice of the sealed matter.

b. <u>Motions to Seal Relying on Protective Orders</u>.  Parties may not rely solely on designation under a protective order to file documents under seal.  Even when a protective order has been issued in a case, the Court cannot abdicate its responsibility to determine whether filings should be made available to the public, applying the test articulated in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980).  Before moving to file under seal materials subject to a protective order, the moving party must confer with the opposing party and provide the results of that conferral process in the motion to seal, as well as analysis of the relevant *Hubbard* factors warranting sealing, to ensure that any requested sealing is appropriate under *Hubbard*.

**6. FILING GUIDELINES**

a. <u>Courtesy Copies</u>.  Counsel shall provide Chambers, not the Clerk's Office, with a printed courtesy copy, with ECF headers, of any electronic submission that, along with exhibits, numbers fifty (50) pages or more in total length.  Such courtesy copies shall be in binders, three-hole punched, with double-sided pages.  Exhibits shall be tabbed for ease of reference.

b. <u>Exhibit Index</u>.  Each submission that attaches more than one exhibit shall contain an index of exhibits.  Exhibits shall be edited properly to exclude irrelevant material and to direct the Court's attention to the pertinent portions.

c. <u>Attachments</u>.  Each attachment to a filing (e.g., supporting memorandum, each exhibit, each affidavit, and proposed order) must be filed as a separate PDF and appropriately labeled in ECF.  If the attachment has its own pagination, it should be a separate attachment.

**7. MOTIONS FOR EXTENSION OF TIME OR RESCHEDULING HEARING**

Motions for extensions of time or for continuances of Court proceedings are strongly discouraged.  The parties should work within the time frames set by Court order.

a. <u>Timing and content</u>.  When good cause is present, the Court will consider a motion for an extension of time that is filed ***at least 4 business days prior*** to the deadline the motion is seeking to extend or the scheduled hearing date[1]; and states:

    i. the original date of the deadline the motion is seeking to extend or the scheduled hearing date;

---

[1] In the event of an emergency, the four-day rule may be waived, but counsel must still file a motion in writing.

      ii.  the number of previous extensions of time or continuances granted to each party;

     iii.  the good cause supporting the motion;

     iv.  the effect that the granting of the motion will have on existing deadlines;

      v.  for motions, suggested deadlines (reached in consultation with the opposing party) for the filing of any opposition and reply papers; for continuances, three alternative dates and times that are convenient to all parties; and

     vi.  the opposing party's position on the motion, including any reasons given for refusing to consent.

   b.  <u>Opposition</u>.  A party opposing a motion for an extension of time must file, **by 5:00 PM the day after the motion is filed, the party's reasons for opposing the motion.**  If no such explanation is provided to the Court within this time frame, the motion shall be deemed conceded.

## 8.  DISCLOSURE OBLIGATIONS

Pursuant to the Due Process Protections Act, government counsel shall review their disclosure obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, as set forth in Local Criminal Rule 5.1, and shall comply with those provisions.  The failure to comply could result in dismissal of the indictment or information, dismissal of individual charges, exclusion of government evidence or witnesses, continuances, Bar discipline, or any other remedy that is just under the circumstances.

## 9.  PLEA HEARINGS

***At least 5 business days,*** as defined by Fed. R. Civ. P. 6(a), before the hearing, counsel must submit to the Court:

   a.  the written plea agreement or an outline of the agreement if it has not been reduced to writing, and –

      i.  specification of the type of agreement under Fed. R. Crim. P. 11(c); and

     ii.  for any plea agreement that includes a nonbinding recommendation, under Fed. R. Crim. P. 11(c)(1)(B) or a binding sentencing range, under Fed. R. Crim. P. 11(c)(1)(C), that is outside the applicable guideline range, a statement setting forth with specificity the justifiable reasons for a sentence that is outside the applicable range, *see* 18 U.S.C. § 3553(c); *Guidelines Manual* §6B1.2(b), (c);

   b.  any superseding indictment or new information, if applicable;

   c.  for each count to which the defendant intends to plead guilty:

      i.  the elements of the offense;

     ii.  the factual proffer the defendant is prepared to acknowledge;

    iii.  the applicable statutory minimum (if applicable) and maximum penalty;

    iv.  the estimated applicable Guideline offense level and range; and

   d.  if the defendant is not a United States citizen, written notice as to whether the defendant will be pleading guilty to an "aggravated felony" as defined by 8 U.S.C. § 1101(a), which would subject the defendant to mandatory deportation.

10. **JOINT PRETRIAL STATEMENT**

In order "to provide a fair and expeditious trial," FED. R. CRIM. P. 17.1, a pretrial conference will be scheduled at least two weeks before the date set for trial. The parties must file with the Court *at least 10 business days before the pretrial conference,* unless a different time is set by the Court, a Joint Pretrial Statement that contains the contents set out below. The parties shall also submit an electronic copy of the Joint Pretrial Statement in Microsoft Word format, including attachments and exhibits thereto, by email to Pan_Chambers@dcd.uscourts.gov.

   a. written statements (i) by the government setting forth the terms of any plea offer made to the defendant and the date such offer was made and lapsed; and (ii) by defense counsel indicating (1) the dates on which the terms of any plea offer were communicated to defendant and rejected, *see Missouri v. Frye*, 132 S. Ct. 1399, 1408 (2012) ("[D]efense counsel has a duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused."), and (2) the potential sentencing exposure communicated by the defense counsel to defendant and the date on which such communication occurred, *see United States v. Rashad*, 331 F.3d 908, 912 (D.C. Cir. 2003);

   b. a one-paragraph joint statement of the case for the Court to read to prospective jurors;

   c. proposed *voir dire* questions that include:
      i. the *voir dire* questions on which the parties agree; and
      ii. the *voir dire* questions on which the parties disagree, with specific objections noted below each disputed question and supporting legal authority (if any);

   d. the text of proposed jury instructions, which are formatted so that each instruction begins on a new page, and indicate:
      i. the instructions to which the parties agree;
      ii. the instructions to which the parties disagree, with specific objections noted below each disputed instruction and supporting legal authority (if any); and the proposed instruction's source (e.g., the Red Book, Matthew Bender's Federal Jury Instructions) or, for modified or new instructions, its supporting legal authority (e.g., *United States v. Taylor*, 997 F.2d 1551, 1555-6 (D.C. Cir. 1993));

   e. a list of expert witnesses, accompanied by a brief description of each witness' area of expertise and expected testimony, followed by specific objections (if any) to each witness;

   f. a list of any motions *in limine* to address issues the parties reasonably anticipate will arise at trial (*see infra ¶ 11 regarding timing of filing motions in limine*);

   g. a list of prior convictions that the government intends to use for impeachment or any other purpose, followed by specific objections (if any) to that use;

   h. a list of exhibits that the government intends to offer during trial, with a brief description of each exhibit;

   i. any stipulations executed or anticipated to be executed; and

   j. a proposed verdict form that includes a date and signature line for the jury foreperson, as well as proposed special interrogatories (if any).

11. **MOTIONS IN LIMINE**

   a. Timing.  Motions *in limine* shall be *fully briefed at the time of the pretrial conference*. Accordingly, the moving party's motion *in limine* and supporting memorandum shall be filed and served upon the opposing party no later than the date of filing the Joint Pretrial

Statement.  The opposition shall be filed and served upon the moving party *within 5 days* of service of the motion *in limine*.  Any reply shall be due *within 2 days* of service of the opposition.

b. <u>Oral Argument</u>.  Oral argument on motions *in limine*, if necessary, shall occur at the Pretrial Conference.

c. <u>Tardy Motions</u>.  The Court will entertain late motions for which there is a *compelling* explanation if filed at least *8 days prior* to the date set for jury selection.  Oppositions to late motions must be filed at least *5 days prior* to jury selection, and replies must be filed at least *4 days prior* to jury selection.

## 12. RECORDINGS

If there are recordings to be used in this case, counsel for both sides shall resolve any disputes between any alleged inaccuracy of the transcripts and the recordings.  If it proves impossible for counsel to resolve the dispute, they shall so advise the Court *at least four days before* trial so that the dispute may be resolved without causing any delay in the trial and concomitant inconvenience to the jury.

## 13. TRIAL PROCEDURES

a. <u>Pretrial Order</u>.  Following the final pretrial conference and before the trial, the Court will issue a final trial order that sets out the schedule and other general courtroom rules.

b. <u>Jurors</u>.  The names and personal information of prospective and sitting jurors in any trial of this matter shall be kept confidential and not disclosed outside of open court, except upon order of the Court.  *See*, D.D.C. Jury Selection Plan, § K.1, available at https://www.dcd.uscourts.gov/sites/dcd/files/JurySelectionPlanReviewed2015.pdf. Counsel and parties are cautioned that violation of this directive may result in contempt proceedings.

## 14. SENTENCING HEARING

a. <u>Timing</u>.  Sentencing will generally be scheduled approximately ninety days after entry of the plea or conviction.

b. <u>Presentence Report</u>.  The probation officer assigned to the case shall disclose the draft pre-sentence investigation report to the parties *within 45 days* after referral.  The parties must submit objections (if any) in writing to the probation officer and opposing party *within 14 days* of that disclosure.  Fed. R. Crim. P. 32(f).  The probation officer shall disclose to the parties and file with the Court the final pre-sentence investigation report, noting any unresolved objections, *within 10 days* of the submission of objections. In addition to the presentence investigation report, the probation officer's sentencing recommendation submitted to the Court is available for review by the parties.

c. <u>Sentencing Memoranda</u>.  Any memorandum in aid of sentencing must be submitted *at least 10 business days* before the date of the sentencing, with responses (if any) submitted *at least 7 business days before the date of the sentencing*.  These memoranda and any responses thereto must cite to supporting legal or other authority on which the parties intend to rely.  In addition, a party wishing to present witnesses at the sentencing hearing must submit with the memorandum, a witness list that identifies the relationship, if any, of each witness to the defendant and a brief summary of the purpose or subject matter of the testimony.

d.  <u>Letters</u>.  Letters from family members, friends or work associates that the defendant wishes the Court to consider in connection with sentencing ***should not be sent directly to chambers*** but should be attached to the sentencing memorandum submitted by counsel.

**SO ORDERED**.


_____
Florence Y. Pan
United States District Court Judge