# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.           ) | Case No. 1:22-cr-00019 |
| ) | |
| **ROBERT TURNER, et. al.,**    ) | |
| **Defendant**       ) | |
| _____/ | |

## DEFENDANT TURNER'S MOTION TO CONTINUE TRIAL DATE

The Defendant, **ROBERT TURNER**, by and through his respective counsel, moves this Honorable Court to enter its order continuing the trial in the above captioned matter and as good cause therefore, states the following:

1. This matter is currently scheduled for jury trial on April 22, 2024**.**

2. Undersigned counsel recently entered his appearance for Defendant TURNER on Friday, March 22, 2024.  With the entry of the appearance of attorney BARKET on behalf of co-Defendant GREG PURDY, each defendant is now represented by his own attorney, thereby eliminating the possibility of any conflict of interest in their representation.

3. A criminal defendant is entitled, under the US Constitution, to paid counsel of his choosing, that a violation of this Sixth Amendment right is "complete" without a showing of prejudice, and that such a violation of this right is not subject to harmless-error analysis.  *United States v. Gonzalez-Lopez,* 548 U.S. 140 (2006).

4. This case is one of more than 1,400 (and growing) January 6 prosecutions that have inundated this District for more than the last three (3) years. Counsel is unaware of any harm to the government that would be occasioned by a brief continuance of trial.

5. In addition, Defendant TURNER and co-Defendant GREG PURDY are both charged, in Count 3, with a violation of 18 U.S.C. 1512(c)(2) and 2 and, as this Court is well aware, the applicability of this statute to January 6 prosecutions is currently before the Supreme Court. However, neither Defendant has raised this issue pre-trial in that the time for filing pre-trial motions expired prior to counsels' entry in the case. A decision is anticipated by this Spring. This untenable situation could lead to a claim of ineffective assistance depending on which way the Supreme Court decides. A brief continuance of trial would obviate this issue and would certainly be in the interests of judicial economy.

6. A short continuance would allow the attorneys to properly prepare their case and in no way prejudices the government. Undersigned counsel assures the Court that once a future, mutually agreeable, trial date is set, that absent the most extraordinary circumstances, counsel will be fully prepared for trial on that date.

7. Undersigned counsel recommends a trial date be set for a time within the next 60 to 90 days, a new scheduling order be entered allowing counsel to file appropriate pre-trial motions, and a Status Conference via videoconference (to

which the Defendant consents) be promptly set to select a firm trial date. Undersigned counsel will be out of the country from April 4, 2024, to April 16, 2024.

8. This motion is being made in good faith and is not interposed for the purposes of unnecessary delay. The Defendant agrees to the exclusion of time under the Speedy Trial Act.

9. Prior to filing the instant motion, undersigned counsel conferred with counsel for the government who opposes this motion. Both counsel for the co-Defendants have no objection to the relief requested in this motion.

WHEREFORE, based upon the foregoing, Defendant TURNER requests that this Court grant the relief requested herein.

Respectfully submitted,

GEORGE T. PALLAS, P.A
Counsel for Robert Turner
Bar No: FL0108
2420 SW 22nd Street
Miami, FL 33145
305-856-8580
305-860-4828 FAX
george@pallaslaw.com

By:/s/ *George T. Pallas*
 GEORGE T. PALLAS, ESQ.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been electronically filed with the Clerk of Court using CM/ECF system which will send notification of such filing.

By:/s/ *George T. Pallas*
GEORGE T. PALLAS, ESQ