IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>GREGORY RICHARD PURDY, JR.,<br>MATTHEW PURDY, and<br>ROBERT TURNER,<br><br>           Defendants. | CASE NO. 22-cr-19 (RCL) |

### UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT GREGORY PURDY'S AND ROBERT TURNER'S MOTIONS TO WITHDRAW AS COUNSEL AND TO VACATE OR CONTINUE THE SENTENCING DATE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this response in opposition to Gregory Purdy's ("Purdy" or "Gregory Purdy") Motion to Withdraw as Counsel (ECF No. 235) and Defendant Robert Turner's ("Turner") Motion to Withdraw as Counsel (ECF Nos. 232, 235). The United States of America also opposes Turner's Motion to Vacate Sentencing Date ("Turner Motion to Vacate") (ECF No. 233), and Gregory Purdy's Motion for Continuance of Sentencing and Extension of Time to Respond to PSR (Purdy Motion to Continue) (ECF No. 236) for an indeterminate time.

The government respectfully requests that the Court deny the Defendants' motions based on the current record. Depending on the Court's inquiry, Defendant's Turner and Purdy trial counsel should not be allowed to withdraw prior to sentencing without additional findings on Defendants' requests for self-representation with standby counsel. The Court should proceed to sentencing Defendants on October 18, 2024, as scheduled.

**FACTUAL AND PROCEDURAL BACKGROUND**

Trial in this matter commenced on June 5, 2024, and concluded on June 11, 2024. *See* Minute Entries for June 5 through June 11, 2024. On June 11, 2024, the jury found Turner guilty of three felony counts and six misdemeanor counts for his actions on January 6, 2021, including felony civil disorder and assault on officer counts. ECF No. 206. The jury found Purdy guilty of six felony counts and six misdemeanor counts, including felony civil disorder and assault on officer counts. ECF No. 206.

The Court scheduled their sentencing hearing for October 18, 2024. Minute Entry dated June 11, 2024. After the trial, defendants requested additional time to file post-trial motions. ECF Nos. 208, 209. Defendants filed motions for judgment of acquittal and new trial. ECF Nos. 211, 212, 213. During the briefing period on the motions, the government moved for and received an extension to file its opposition to the motions. ECF No. 214, Minute Order dated July 11, 2024. The government filed it opposition to the motions. ECF No. 228, 229, 230.

On September 4, 2024, the United States moved to dismiss Count 7 of the superseding indictment, the charge of the obstruction of an official proceeding charge pursuant to 18 U.S.C. §§ 1512(c)(2). ECF No. 225.

On September 25, 2024, Turner filed his Motion to Withdraw and Motion to Vacate. ECF Nos. 232, 233. On September 25, 2024, Purdy filed his Motion to Withdraw and Motion to Continue. ECF Nos. 235, 236.

**ARGUMENT**

I. DEFENDANTS' MOTION TO WITHDRAW COUNSEL IS NOT SUPPORTED BY A KNOWING AND INTELLIGENT WAIVER OF COUNSELAND SHOULD BE DENIED

The Sixth Amendment to the Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right … to have the Assistance of Counsel for his defence." The Sixth

Amendment secures the right to the assistance of counsel, by appointment if necessary, in a trial for any serious crime. *Gideon v. Wainwright*, 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963). A defendant who is unable to obtain counsel is entitled to have counsel appointed to represent the defendant at every stage of the proceeding from initial appearance through appeal, unless the defendant waives this right. Fed. R. Crim. P. 44(a). A defendant has a constitutionally protected right to represent himself in a criminal trial. *Faretta v. California*, 422 U.S. 806, 816, 95 S. Ct. 2525 (1975). However, "in order to represent himself, the accused must 'knowingly and intelligently' forgo those relinquished benefits" associated with the right to counsel. *Faretta*, 422 U.S. at 835, citing *Johnson v. Zerbst*, 304 U.S. 458, 464-467, 58 S. Ct. 1019 (1938). Further, the defendant "should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'" <u>Faretta</u>, 422 U.S. at 835, citing *Adams v. United States ex rel. McCann*, 317 U.S. 269, 279, 63 S. Ct. 236 (1942).

      The purpose of providing assistance of counsel "is simply to ensure that criminal defendants receive a fair trial," *Strickland v. Washington*, 466 U.S. 668, 689, 104 S. Ct. 2052, 2065, 80 L. Ed. 2d 674 (1984), and when evaluating Sixth Amendment claims, "the appropriate inquiry focuses on the adversarial process, not on the accused's relationship with his lawyer as such." *United States v. Cronic*, 466 U.S. 648, 657, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984), n. 21, 104 S. Ct. 2039, 2046, n. 21, 80 L. Ed. 2d 657 (1984). "[W]hile the right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment, the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." *Wheat v. U.S.*, 486 U.S. 153, 159, 108 S. Ct. 1692, 1697, 100 L. Ed. 2d 140 (1988).

A defendant's right to retain a lawyer of his choice is not absolute. The right to counsel is "qualified" (where attorney has a serious potential for conflict of interest, where defendant cannot afford the counsel or counsel declines to represent the defendant). *United States v. Childress*, 58 F.3d 693, 734 (D.C. Cir. 1995). Another limitation is where a criminal defendant requires appointed counsel "that defendant 'has no constitutional right to appointed counsel of choice.'" *United States v. Stizmann*, 826 F.Supp.2d 73, 92-93 (D.D.C. 2011) (quoting *United State v. Childress*, 58 F.3d at 736. "When an indigent defendant seeks appointment of substitute counsel *pro se*, [ ] the district court generally has an obligation to engage the defendant in a[n on-the-record] colloquy concerning the cause of the defendant's dissatisfaction with his representation[,]" *United States v. Murphy*, No. 13-CR-0285-KBJ, 2014 WL 444220, at *1 (D.D.C. Feb. 4, 2014), citing *United Sates v. Graham*, 91 F.3d 213, 221 (D.C. Cir. 1996)(citations omitted). In that colloquy, the defendant bears the burden of demonstrating good cause for the substitution. *Murphy*, 2014 WL 444220, at *1, *Stizmann*, 826 F.Supp.2d at 93.

In Turner's Motion to Withdraw, he "wishes to terminate counsel's representation and to proceed *pro se* with appointed standby counsel." Further, Turner states the counsel's withdrawal will not "unduly delay trial" since the trial has already been conducted, and counsel's withdrawal will not be unfairly prejudicial to any party or otherwise not be in the interest of justice. ECF No. 232. In Gregory Purdy's Motion to Withdraw, counsel states defendant has sought to discontinue his representation, discharge counsel, and proceed *pro se* with standby counsel. Further, Purdy state this motion will not cause undue delay or prejudice to any party. ECF No. 235.

The Government proposes that the Court review Turner and Purdy's motions to withdraw, but defendants have not given the Court a sufficient record regarding their request for self-representation, as identified in *Faretta*, 422 U.S. at 835. Further inquiry by the Court is needed.

Neither Turner or Purdy have stated a reason for the Court to allow prior counsel to withdraw. While Defendants allege they want to proceed in the matter *pro se*, with standby counsel, they do not propose that their current counsel would continue to serve as their counsel on a standby basis.

The Court has previously granted motions by Turner and Gregory Purdy to have new counsel.  The Court is familiar with Turner and Purdy's prior motions for change in their counsel.  Both Purdy and Turner were initially represented by court-appointed counsel, Robert Jenkins and Sabrina Shroff.  See docket sheet, also ECF No. 11, Minute entries dated November 18, 2021, and November 30, 2021.  On April 28, 2022, substitute counsel Edward Smock was substituted for Turner's first counsel, Ms. Shroff.  ECF No. 33.  In early July 2022, counsel Barry Coburn and Marc Jason Eisenstein entered an appearance for Gregory Purdy, replacing Robert Jenkins.  ECF No. 34, 35, 36.  On February 7, 2023, the Court granted Mr. Smock's motion to withdraw and new counsel, Richard Falls, was appointed for Defendant Turner.  ECF No. 51, 52.  In August 2023, counsel Melissa Isaak submitted a motion to appear on behalf of Turner, Gregory Purdy and Matthew Purdy as retained counsel.  ECF No. 79, minute entry August 4, 2023.  While the Court granted the motion, Ms. Isaak did not file an entry of appearance at that time.  ECF No. 80.  In October 2023, Turner's counsel, Richard Falls, and Gregory Purdy's counsel, Barry Coburn and Marc Eisenstein, filed motions to withdraw as counsel.  ECF No. 82, 83.  The United States responded to the motions, and asked the court to conduct a conflict review of the joint representation of defendants.  ECF No. 86.  The court held status conferences on November 20, 2023, and December 18, 2023, and granted the motions to withdraw.  *See* Minute Entries.

The jury trial for the case was set for April 22, 2024.  ECF No. 98.  On March 20, 2024, Dylan George Barket entered an appearance for Gregory Purdy as retained counsel. ECF No. 105.  On March 22, 2024, George Pallas entered an appearance for Turner as retained counsel.  ECF No.

107. March 28, 2024, Ms. Isaak moved to withdraw as attorney for Gregory Purdy and Turner. ECF No. 114.  Counsel filed motions to continue the trial.  ECF No. 99, 108, 115.  On April 5, 2024, the Court granted the motion of Ms. Isaak to withdraw from the case for Gregory Purdy and Robert Turner and continued the jury trial to June 3, 2024.  ECF 126, Minute Entry April 5, 2024. Counsel Pallas and Barket filed multiple pre-trial motions on behalf of Turner and Gregory Purdy. ECF No. 128, 129, 130, 131, 132, 133, 134, 135, 139, 140, 156.  Counsel Pallas and Barket represented Turner and Gregory Purdy during the trial, commencing on June 3, 2024 and concluding when the jury returned verdicts on June 11, 2024.  ECF No. 206, Minute Entry June 3 through June 11, 2024.  Mr. Pallas filed post-trial motions for acquittal and a new trial for Turner. ECF No. 211, 213.  Mr. Barket filed a motion for acquittal and new trial for Gregory Purdy.  ECF No. 212.

The United States proposes that the current motions by Turner and Gregory Purdy do not provide sufficient information for the Court to consider.  Instead, the record shows that current counsel represented defendants at multiple stages of the case.  Current counsel filed multiple pre-trial motions, defended Turner and Gregory Purdy throughout the trial that lasted more than a week, and filed post-trial motions.  Defendants Turner and Gregory Purdy have not provided the Court with any reason why their current counsel could not continue to represent them at the sentencing hearing.  Further, if the Court were to grant their motions and allow defendants to proceed *pro se*, with standby counsel, it should not delay the current sentencing date.  As such, further development of the record is required, which the Court may determine from an inquiry of defendants.

II.  <u>SENTENCING SHOULD REMAIN ON THE CURRENT SCHEDULE AND DEFENDANTS' MOTION TO VACATE OR CONTINUE THE SENTENCING DATE SHOULD BE DENIED.</u>

District courts generally have power and discretion to set their own calendars, but certain limits apply. The Federal Rules of Criminal Procedure require that "[t]he court must impose sentence without unnecessary delay." Fed. R. Crim. P. 32(b)(1).  While no statute or common law precedent dictates precisely when sentencing must occur, *see Betterman v. Montana*, 578 U.S. 437, 447–48 (2016) (holding that the Sixth Amendment Speedy Trial Clause does not apply to the period between conviction and sentencing, but noting that "due process serves as a backstop against exorbitant delay"), sentencings in this district typically occur within 90 days of a guilty plea or trial verdict.

A defendant cannot unilaterally waive the right to a speedy sentencing. *Cf. Zedner v. United States*, 547 U.S. 489, 500 (2006) (holding the same with respect to the Speedy Trial Act, 18 U.S.C. § 3161 et seq.).  This constraint comports with the fact that not only defendants, but the government and the public all have an interest to a speedy adjudication of criminal cases. *See United States v. Ray*, F.3d 184, 201 (2d Cir. 2009) ("a sentencing delay disserves a basic notion that, once convicted, an offender should be able to serve his sentence and be done with it.") (internal quotation omitted); *United States v. Tapia*, 3:19-cr-57 (RAM), 2020 WL 4572334, *2 (D.V.I. Aug. 7, 2020) (noting that the public has an interest in the efficient "operation of the courts and the judicial system," which would be infringed "by unduly delaying a defendant's sentencing") (citing *Pennsylvania v. Ritchie*, 480 U.S. 39, 50 n.8 (1987)); *see also Zedner*, 547 U.S. at 501 (noting the public interest in "preventing extended pretrial delay from impairing the deterrent effect of punishment.").  Consequently, in scheduling a sentencing, the Court must consider the impact of any delay on the purposes behind criminal sentencing, which are "retribution, deterrence, incapacitation, and rehabilitation." *Tapia v. United States*, 564 U.S. 319, 325 (2011).

In their motions, Defendants Turner and Gregory Purdy have not proposed a new sentencing date but seek an extension of an undetermined duration. In his Motion to Vacate, Turner states he has not received a copy of the presentence investigation report, and he has sought more time to file objections. In addition, Turner cites to his request to withdraw current counsel and to proceed *pro se* with standby counsel. ECF No. 233. Gregory Purdy also requests a continuance of the sentencing date due to his request to proceed *pro se* with standby counsel and seeking more time to respond to the presentence investigation report. ECF No. 236.

The government opposes an extension of Turner's and Purdy's sentencing date. Sentencing is set for October 18, 2024. The Court sent this date for sentencing on June 11, 2024, when the verdict was returned. The current sentencing date is more than four months after the verdict was returned, and more than the normal period of time between verdict and sentencing. Also, there is a third defendant in the case, Matthew Purdy. It would not be efficient for the Court to split the sentencing hearings for the three co-defendants into multiple hearings. Finally, the United States respectfully submits that the current sentencing date would bring finality to the case and best serve the interests of justice.

## **CONCLUSION**

For the reasons set forth above, the United States respectfully requests this Court conduct an inquiry of Defendants Turner and Gregory Purdy regarding their respective Motions to Withdraw pursuant to *Faretta v. California*, 422 U.S. 806, 95 S. Ct. 2525. Based on the current record, the United States opposes these motions. The United States further requests this Court deny Defendant Turner's Motion to Vacate Sentencing Date, and Defendant Purdy's Motion for Continuance.

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:    */s/ Lynnett M. Wagner*
      LYNNETT M. WAGNER
      Nebraska Bar No. 21606
      Assistant United States Attorney
      601 D Street, N.W.
      Washington, D.C. 20530
      Tel: (402) 661-3700
      Email: lynnett.m.wagner@usdoj.gov

      */s/ Kyle M. McWaters*
      KYLE M. MCWATERS
      Assistant United States Attorney
      DC Bar No. 241625
      U.S. Attorney's Office for the District of Columbia
      601 D Street, N.W.
      Washington, D.C.20579
      Phone: (202) 252-6983
      Email: Kyle.McWaters@usdoj.gov