UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **ROBERT TURNER**, <br>   *Defendant.* | Case No. 1:22-cr-19-3 (RCL) |

## MEMORANDUM ORDER

Defendant Robert Turner participated in the Capitol Riots that took place on January 6, 2021. Trial for Mr. Turner and two co-defendants commenced on June 5, 2024. On June 10, at the close of the government's case, an oral Rule 29 Motion was made by all defendants, which the Court heard and denied. Min. Entry for June 10, 2024. On June 11, 2024, a jury convicted him of three felonies and six misdemeanors, including multiple counts of civil disorder and assaulting law enforcement officers. Verdict Form, ECF No. 206. Mr. Turner timely filed a Motion for Acquittal on Counts 4, 6, and 7, ECF No. 211 ("Def.'s Acquittal Mot."), and separately filed a timely Motion for New Trial, ECF No. 213 ("Def.'s New Trial Mot."). On September 4, the government filed an unopposed Motion to Dismiss Count 7 of the Superseding Indictment, Obstruction of an Official Proceeding under 18 U.S.C. § 1512(c). Mot. to Dismiss Count 7, ECF No. 225. The government then filed an Opposition to Mr. Turner's Motion for Acquittal, ECF No. 228 ("Gov't Acquittal Opp'n"), and a separate Opposition to Mr. Turner's Motion for New Trial, ECF No. 229 ("Gov't New Trial Opp'n"). These three motions—Mr. Turner's Motion for Acquittal, Motion for New Trial, and the government's Motion to Dismiss Count 7—are now before this Court.

Based on the government's unopposed motion to dismiss the § 1512(c) charge, the Court hereby **ORDERS** that the government's motion is **GRANTED**. Count 7 of Mr. Turner's Superseding Indictment, Obstruction of an Official Proceeding in violation of 18 U.S.C. §§ 1512(c)(2) and 2, is hereby **DISMISSED** with prejudice. Therefore, Mr. Turner's Motion for Acquittal as to Count 7 is **DENIED AS MOOT**. Mr. Turner's Motion for Acquittal as to Counts 4 and 6 is hereby **DENIED**. Mr. Turner's Motion for New Trial is also **DENIED**.

## I.  LEGAL STANDARDS

### A.  Motion for Acquittal, Rule 29

The jury is "at the heart of our criminal justice system." *Erlinger v. United States*, 602 U.S. 821, 822 (2024). Nonetheless, once a jury has delivered a verdict of guilty, a judge must, on defendant's motion, enter a judgment of acquittal for "any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a), (c). If a defendant wishes to file or renew a motion for judgment of acquittal after the jury renders its verdict, Rule 29(c)(1) requires that motion to be filed within fourteen days of that verdict. However, a court may grant a defendant's motion for an extension of time that was filed within that fourteen-day window. *See* Fed. R. Crim. P. 45(b)(1)(A).

A defendant seeking a judgment of acquittal based on insufficient evidence must show that no "rational trier of fact could have found the elements of the crime beyond a reasonable doubt." *United States v. Williams*, 836 F.3d 1, 6 (D.C. Cir. 2016). The court "must view the evidence in the light most favorable to the government, drawing no distinction between direct and circumstantial evidence, and giving full play to the right of the jury to determine credibility, weigh the evidence and draw justifiable inferences of fact." *Id*. This standard is "highly deferential" to the jury verdict. *Id*. A court considering the sufficiency of the evidence must be attuned to the difference between a "legitimate inference" and "pure speculation." *United States v. Carter*, 522

F.2d 666, 680 (D.C. Cir. 1975) (quoting *Curley v. United States*, 160 F.2d 229, 233 (D.C. Cir. 1947)).  "Where the jury can find an essential element of the offense only through speculation, the evidence is insufficient."  *United States v. Hillie*, 39 F.4th 674, 692 (D.C. Cir. 2022); *see also United States v. Long*, 905 F.2d 1572, 1576 (D.C. Cir. 1990) (Thomas, J.) ("A jury is entitled to draw a vast range of reasonable inferences from evidence, but may not base a verdict on mere speculation.").

### B.  Motion for New Trial, Rule 33

Under Rule 33, a court may vacate the judgment and grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a).  The decision to grant a new trial is committed to the sound discretion of the trial court. *United States v. Kelly*, 790 F.2d 130, 133 (D.C. Cir. 1986). "In order to grant a new trial, the evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *United States v. Edmonds,* 765 F. Supp. 1112, 1118 (D.D.C. 1991) (internal citations and quotation marks omitted).  To meet this heavy burden, the defendant "must show that (1) there was a substantial error and (2) the error affected the defendant's substantial rights." *United States v. Williamson*, 81 F. Supp. 3d 85, 89 (D.D.C. 2015). "Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(2).  "A court can only extend the time in which to grant a motion for a new trial if a court fixes such a time within 7 days of the verdict or finding of guilty." *United States v. Hall*, 214 F.3d 175, 178 (D.C. Cir. 2000).

Motions for a new trial are "not favored and are viewed with great caution." *United States v. Borda*, 786 F. Supp. 2d 25, 31 (D.D.C. 2011) (internal citations omitted). "Despite the court's broad authority to order a new trial, it should be exercised sparingly and limited to situations

presenting a serious danger that a miscarriage of justice has occurred—that is, that an innocent person has been convicted." *Id.* at 32 (internal quotations and citations omitted).

## II.   DISCUSSION

### A.  Acquittal on Count 7, 1512(c)(2) and 2

On June 28, 2024, after Mr. Turner had been found guilty of violating 18 U.S.C. §§ 1512(c)(2) and 2, the Supreme Court decided *Fischer v. United States*, 603 U.S. 480 (2024). *Fischer* held that "[t]o prove a violation of Section 1512(c)(2), the Government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or . . . other things used in the proceeding, or attempted to do so." *Id.* at 2190. In doing so, the Supreme Court reversed a ruling from the D.C. Circuit that had accorded that provision a broader reading.

In light of the *Fischer* decision, the government filed an unopposed[1] Rule 48(a) motion to voluntarily dismiss the § 1512(c) count against Mr. Turner "to obtain justice and efficiently proceed towards sentencing on the defendants' other counts of conviction." Mot. to Dismiss Count 7 at 2. The Court observes that Rule 48(a) "appl[ies] even after conviction and sentencing while the case is on direct appeal, and the same standard applies to a government request for dismissal at that stage as applies if the request came prior to trial." *In re Flynn*, 961 F.3d 1215, 1220 n.1 (D.C. Cir. 2020). Other courts in this District have granted 48(a) motions post-conviction. *See, e.g.*, *United States v. Venkata*, 709 F. Supp. 3d 9, 19 (D.D.C. 2024). Upon review of the motion and observing the growing body of case law in this Circuit vacating or otherwise dismissing

---

[1] On January 3, 2025, Mr. Turner filed a motion indicating that he now opposes the dismissal of the § 1512(c) count. *See* Motion for New Trial, ECF No. 281-6. However, under Local Criminal Rule 47(b), an opposition must be filed withing fourteen days. *See* Local Cr. R. 47(b). The government filed the Motion to Dismiss Count 7 on September 4, 2024, and the time to oppose the motion has long passed. Indeed, when the Court read Mr. Turner his counts of conviction at the December 6, 2024 *Faretta* hearing, the Court stated that it would be dismissing the § 1512(c) count in advance of sentencing. The hearing transcript of the hearing will reflect this statement when it is made available.

§ 1512(c) convictions for January 6 Capitol Riot defendants, the Court **ORDERS** that the government's Motion to Dismiss Count 7 of the Superseding Indictment, Obstruction of an Official Proceeding in violation of 18 U.S.C. §§ 1512(c)(2) and 2, is hereby **GRANTED**. The § 1512(c) charge against Mr. Turner is hereby **DISMISSED** with prejudice.

### B. Motion for Acquittal on Counts 4 and 6

Mr. Turner additionally moves for acquittal on Count 4 of his conviction, Obstructing Officers During Civil Disorder and Aiding and Abetting in violation of 18 U.S.C. §§ 231(a)(3) and 2, and Count 6, Assaulting, Resisting, or Impeding Certain Officers in violation of 18 U.S.C. § 111(a)(1). Def.'s Acquittal Mot. at 4. To support this motion, Mr. Turner argues that the government failed to prove essential elements of each offense—namely, that the victim of each offense is "some sort of law enforcement officer or government employee" and that said officer was "engaged in the performance of a lawful or official duty." *Id.* Regarding the first element, he states that the victim of these crimes, Officer A. Smith, "was never identified at trial," though he was "outfitted in MPD police gear." *Id.* at 4, 6. And regarding the second element, he argues that the government needed to prove that the Metropolitan Police Department (MPD) had territorial jurisdiction to act as law enforcement officers on Capitol grounds via a mutual aid agreement. *Id.* at 5–7.

Mr. Turner's motion will be denied for the same reasons it was denied at the close of the government's case: there was sufficient evidence to show that the government met these elements of the offense beyond a reasonable doubt.

As the government correctly notes in its opposition, there is no requirement, for either of these offenses, that the government identify the victim by name to prove that the victim is a law enforcement officer. Gov't Acquittal Opp'n at 6. Here, "the victim officer stood in a line of police

5

officers, was wearing MPD uniform and helmet, wore a MPD patch, held a MPD baton, operated a MPD body worn camera, and Officers Kurland and Mott—located directly to the left and right of Officer Smith—testified that they were from the Metropolitan Police Department." *Id.* Given this evidence, a reasonable juror could conclude that the victim was an MPD officer.

Regarding Mr. Turner's territorial jurisdiction challenge, this similarly fails because the evidence was sufficient to show that this MPD Officer, A. Smith, was lawfully engaged in the performance of official duties at the Capitol. Mr. Turner has provided no authority, and this Court knows of none, for the proposition that a mutual aid agreement must exist for an MPD officer to act "officially" on the U.S. Capitol Grounds. Moreover, the government's opposition thoroughly draws from the trial testimony of both USCP and MPD officers to establish sufficient evidence that MPD was lawfully assisting USCP in the performance of their official duties. Gov't Acquittal Opp'n at 7. For example, "USCP Captain Mendoza testified that USCP issued a call to the law enforcement agencies for assistance on January 6, 2021" and "his call prompted MPD to issue a '1033,' officer needs assistance call which led MPD officers to respond to the U.S. Capitol in full riot gear." *Id.* MPD Officers Kurland and Mott testified that their units responded to the 1033 call. *Id.*; Trial Tr. June 6, 2024, 163:11–24; Trial Tr. June 7, 2024, 7:18 – 8:3. The government's opposition then comprehensively recounts the testimony and other evidence leading up to Mr. Turner's assault of A. Smith, including the routes the officers took, the barricade line that the officers formed on the Upper West terrace of the Capitol, and the frame-by-frame recording of the assault from the officers' body worn cameras. Gov't Opp'n at 8. This is sufficient evidence for a reasonable jury to conclude that the MPD officers were lawfully engaged in the performance of their official duties, as required to satisfy 18 U.S.C. § 231(a)(3) (Count 4) and 18 U.S.C.

§ 111(a)(1) (Count 6) of Mr. Turner's indictment. Mr. Turner's motion does not come close to showing that "no rational trier of fact" could have found him guilty of these counts.

### C. Motion for New Trial

Mr. Turner filed a separate Motion for New Trial for two reasons. He argues that (1) the Court should have severed the trials for defendants, and 2) that Count 4, 18 U.S.C. § 231(a)(3), is duplicative[2] of Count 6, 18 U.S.C. § 111(a)(1). Def.'s New Trial Mot. at 2, 4. Both arguments are without merit.

#### i.    *Severance of defendants*

Mr. Turner seeks a new trial, severed from his co-defendants, because of statements by co-defendant Mr. Gregory Purdy introduced at trial through Mr. Purdy's Instagram postings. He argues that in these posts, "Purdy consistently used first person plural pronouns (we, us) in describing his conduct" and that "[c]ounsel repeatedly objected to this evidence based upon his inability to confront the co-Defendant (who did not testify)." Def.'s New Trial Mot. at 3. He further argues that "[n]o curative measures were instituted" to prevent this evidence from being considered in the case against him. *Id.* The Court construes this as two separate challenges: a *Bruton* challenge based on the Confrontation Clause of the Sixth Amendment, and a limiting instruction challenge. Both are easily disposed of.

*Bruton* held that when a declarant expressly implicates a co-defendant with a testimonial out-of-court statement, yet renders himself unavailable for cross-examination, use of that statement violates the co-defendant's right to confront his accuser. *See Bruton v. United States*, 391 U.S. 123

---

[2] Mr. Turner's Motion phrases this challenge as "duplicity and confusion." *See* Def.'s New Trial Mot. at 4. However, based on the body of his Motion, it appears his challenge is actually one of *multiplicity*. Multiplicity violates the Fifth Amendment's Double Jeopardy Clause, which 'protects . . . against multiple punishments for the same offense." *United States v. Weathers*, 186 F.3d 948, 951 (D.C. Cir. 1999). Duplicity, by contrast, "is the joining in a single count of two or more distinct and separate offenses." *United States v. Klat*, 156 F.3d 1258, 1266 (D.C. Cir. 1998). Mr. Turner is challenging the government's use of two separate counts, which is not a duplicity challenge.

7

(1968). As is relevant here, for a *Bruton* claim, a defendant must identify a testimonial statement introduced into evidence. *United States v. Wilson*, 605 F.3d 985, 1017 (D.C. Cir. 2010). "Testimonial" means the statement was "made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." *Crawford v. Washington*, 541 U.S. 36, 52 (2004) (providing various formulations of the definition of testimonial). Here, as the government correctly notes in its opposition, *Bruton* is not implicated by Mr. Purdy's Instagram posts because those statements are clearly not testimonial—the statements "were not made to law enforcement or part of a police interrogation, they were not statements made in a trial or other legal proceeding, nor were the statements made in anticipation of litigation." Gov't New Trial Opp'n at 5. Mr. Turner had no Sixth Amendment right to confront Mr. Purdy about these non-testimonial statements, so there was no need to sever the trial.

Regarding the limiting instructions challenge, Mr. Turner argues that the introduction of Mr. Purdy's social media posts "clearly prejudiced Turner in that the jury could then easily make assumptions about the intentions and/or propensities of Turner based on claims made by Purdy" and that "[n]o curative measures were instituted to remedy this violation." Def.'s New Trial Mot. at 2, 4. First off, the Court does not adopt Mr. Turner's characterization that this evidence was "prejudicial"—a rational trier of fact could reasonably infer, without speculating, that when Mr. Purdy said "we" and "us," he was including Mr. Turner because he was with him all day. That is not prejudicial—that is just evidence against Mr. Turner. But in any event, the record belies Mr. Turner's claim that no curative measures were taken. The following passage from the final jury instructions shows as much:

> [E]ach defendant is entitled to have the issue of his guilt as to each of the crimes for which he is on trial determined from his own conduct and from the evidence that applies to him as if he were being tried alone. You should, therefore, consider separately each offense, and the evidence which applies to it, and you should return

> separate verdicts as to each count of the indictment, as well as to each defendant unless I specifically instruct you to do otherwise.

Final Jury Instructions at 28. In short, My. Turner's motion raises many of the same arguments that he already raised pre-trial and during trial, and these arguments are just as unsubstantiated and unavailing now as they were the first time the Court considered them. *See, e.g.*, Mot. to Sever, ECF No. 33, at 2; Trial Tr. June 7, 2024, 67:8–69:15 (overruling *Bruton* objection); Trial Tr. June 10, 2024, 51:19–52:17 (overruling objection to use of plural pronouns).

   *ii.*   *Multiplicity of Counts 4 and 6*

Mr. Turner argues that Count 6, 18 U.S.C. § 111(a)(1), should be vacated and a new trial should be awarded on Count 4, 18 U.S.C. § 231(a)(3), on double jeopardy grounds. Def.'s New Trial Mot. at 8. Mr. Turner argues that "Section 231(a)(3) [Count 4] prohibits identical conduct to that proscribed by § 111(a)(1) [Count 6]; it is therefore, in this case, neither a separate offense nor 'another felony' sufficient to support a § 111(a)(1) conviction." *Id.* at 4.[3] This argument fails.

As context, for Mr. Turner to have been convicted of Count 6, 18 U.S.C. § 111(a)(1), the government had to prove that Mr. Turner "made physical contact with MPD Officer [A.S.] or acted *with the intent to commit another felony*." Final Jury Instructions, ECF No. 200, at 13 (emphasis added). At trial, the Court instructed the jury that a violation of Count 4, 18 U.S.C. § 231(a)(3), can qualify as "another felony" to meet Count 6, § 111(a)(1). *Id.* After the trial concluded, the D.C. Circuit further validated that instruction when it held in *United States v. Stevens*, 105 F.4th 473 (D.C. Cir. 2024), that a "Section 231(a)(3) civil disorder offense constitutes 'another felony' separate from the Section 111(a)(1) count." *Id.* at 480–81. In other words, a violation of 231(a)(3)

---

[3] Mr. Turner's challenge regarding double jeopardy of Counts 4 and 6 has already been made to this Court, and denied, several times. Trial Tr. June 10, 2024 11:1-5 ("With regard to the 231(a)(3) charge, Your Honor has already ruled on the double jeopardy and multiplicity arguments. I'll just again, for the record, point to Blockburger and say that . . . double jeopardy is not at issue here because the elements of the crimes are different.").

can be used to meet the "another felony" element of a § 111(a)(1) offense. The two felonies have "distinct requirements" and can both apply even when committed simultaneously. *Id.* at 481. Therefore, the Court properly instructed the jury that a violation of § 231(a)(3) is "another felony" for purposes of § 111(a)(1).[4]

As a Hail Mary attempt to challenge this conclusion Mr. Turner states in his Motion that "[c]ounsel is aware of the recent decision of *United States v. Stevens* . . . but submits the facts of the instant case are distinguishable from that case and that therefore, the case is not applicable." Def.'s New Trial Mot. at 9. That bare statement is the entirety of Mr. Turner's attempt to distinguish binding case law. Seeing no legally meaningful distinction between the facts of *Stevens* and Mr. Turner's case, the Court denies his feeble attempt at a new trial on these counts.[5]

Both Mr. Turner's Motion for Acquittal and Motion for New Trial are meandering, hollow attempts at challenging his fair and just conviction by an impartial jury of his peers, and both of these motions must be denied.

### III.   CONCLUSION

Based on the foregoing, it is hereby

**ORDERED** that the government's Unopposed Motion to Dismiss Count 7 of the Superseding Indictment, ECF No. 225, is **GRANTED**; it is further

**ORDERED** that Mr. Robert Turner's Motion for Acquittal, ECF No. 211, regarding Count 7 is **DENIED AS MOOT**; it is further

---

[4] The Court also observes that another court in this District has followed *Stevens* to convict a Capitol Riot defendant of both § 231(a)(3) and § 111(a)(1), with a violation of § 231(a)(3) constituting "another felony" sufficient to satisfy § 111(a)(1). *See United States v. Crawford*, 2024 WL 3967310, at *2 (D.D.C. Aug. 27, 2024).

[5] The government also correctly notes that even if Mr. Turner's argument had merit, the remedy would not be a new trial on Count 4, as Mr. Turner requests. Gov't New Trial Opp'n at 9; Def.'s New Trial Mot. at 9. Instead, the Court would vacate one of the convictions. *United States v. Clark*, 184 F.3d 858, 872 (D.C. Cir. 1999) ("[T]he usual remedy is to hold that the convictions have merged and order that one be vacated.") (quoting *Ball v. United States*, 470 U.S. 856, 864 (1985)).

**ORDERED** that Mr. Robert Turner's Motion for Acquittal regarding Counts 4 and 6, ECF No. 211, is **DENIED**; and it is further

**ORDERED** that Mr. Robert Turner's Motion for New Trial, ECF No. 213, is **DENIED**.

**IT IS SO ORDERED.**

Date: _1-14-25_

Royce C. Lamberth
United States District Judge